**UNPUBLISHED**

UNITED STATES COURT OF APPEALS
FOR THE FOURTH CIRCUIT

**No. 09-2216**

AUSTINE R. FINK,

Plaintiff - Appellant,

v.

JAMES E. RICHMOND, in his individual and official capacity;
CHARLES COUNTY BOARD OF EDUCATION; KEITH A. HETTEL, in his
individual and official capacity as Assistant Superintendant
for Human Resources,

Defendants – Appellees.

----------------------------------------

PUBLIC JUSTICE CENTER; DISABILITY RIGHTS EDUCATION AND
DEFENSE FUND; AMERICAN CANCER SOCIETY; AMERICAN CANCER
SOCIETY CANCER ACTION NETWORK; MARYLAND DISABILITY LAW
CENTER; LEGAL AID SOCIETY, EMPLOYMENT LAW CENTER,

Amici Supporting Appellant.

**No. 09-2269**

AUSTINE R. FINK,

Plaintiff - Appellee,

v.

JAMES E. RICHMOND, in his individual and official capacity;
CHARLES COUNTY BOARD OF EDUCATION; KEITH A. HETTEL, in his

individual and official capacity as Assistant Superintendant for Human Resources,

Defendants – Appellants.

---------------------------------------

PUBLIC JUSTICE CENTER; DISABILITY RIGHTS EDUCATION AND DEFENSE FUND; AMERICAN CANCER SOCIETY; AMERICAN CANCER SOCIETY CANCER ACTION NETWORK; MARYLAND DISABILITY LAW CENTER; LEGAL AID SOCIETY, EMPLOYMENT LAW CENTER,

Amici Supporting Appellee.

Appeals from the United States District Court for the District of Maryland, at Greenbelt.  Deborah K. Chasanow, District Judge. (8:07-cv-00714-DKC)

Argued: October 28, 2010                    Decided: December 16, 2010

Before KING, DAVIS, and KEENAN, Circuit Judges.

Affirmed by unpublished per curiam opinion.

**ARGUED:** Robert Scott Oswald, THE EMPLOYMENT LAW GROUP, PC, Washington, D.C., for Appellant/Cross-Appellee.  Leslie Robert Stellman, HODES, PESSIN & KATZ, PA, Towson, Maryland, for Appellees/Cross-Appellants.  **ON BRIEF:** David L. Scher, THE EMPLOYMENT LAW GROUP, PC, Washington, D.C., for Appellant/Cross-Appellee.  Amy Folsom Kett, HOGAN LOVELLS US, LLP, McLean, Virginia; Lisa Y. Settles, HODES, PESSIN & KATZ, PA, Towson, Maryland, for Appellees/Cross-Appellants.  Monisha Cherayil, PUBLIC JUSTICE CENTER, Baltimore, Maryland, for Amici Supporting Appellant/Cross-Appellee.

Unpublished opinions are not binding precedent in this circuit.

2

PER CURIAM:

Austine Fink, an art teacher employed by the Board of Education of Charles County, Maryland (the Board), brought this action against the Board and two of the Board's school administrators (collectively, the defendants). Fink alleged that the defendants, in violation of § 504 of the Rehabilitation Act of 1973, 29 U.S.C. § 794(a), and Title I and Title II of the Americans with Disabilities Act (ADA), 42 U.S.C. § 12101 et seq., failed to accommodate her disability and retaliated against her after she requested accommodations in her employment. The district court awarded summary judgment to the defendants and, upon our review, we affirm the district court's judgment.

I.

Austine Fink has been employed by the Board since 1996. Between 1996 and 2006, Fink was an art teacher in the elementary and middle schools of Charles County.

In March 2006, Fink was diagnosed with Barrett's Esophagus with High Grade Dysplasia. Because of this condition, Fink underwent a surgical procedure during which her esophagus was removed and her stomach was relocated under her throat. As a result of the surgery, Fink cannot bend over without vomiting. She also is unable to lift excessive weight or eat large meals. Additionally, Fink has frequent bowel movements and occasionally

3

experiences severe bouts of diarrhea. She is unable to walk long distances at a quick pace.

After her surgery, Fink requested that the Board provide various accommodations in her working conditions, including frequent opportunities to eat small meals and to take bathroom breaks. Fink also requested placement in a high school or an administrative position that did not require her to bend over to interact with students. In response to Fink's request, the Board assigned Fink to teach art in a high school.

In June 2007, Fink underwent surgery to repair a hernia. After this surgery, Fink requested additional accommodations, including, among others, assignment to a "fixed" classroom or to an office location close to a bathroom.

The Board met with Fink the following month to discuss her accommodation requests for the upcoming school year. After the meeting, the Board assigned Fink to teach art at a high school with the following accommodations: 1) access to nearby bathrooms with the opportunity to obtain breaks on "short" notice; 2) the opportunity to eat snacks during instructional periods; 3) the absence of any homeroom or other non-instructional duties; 4) the absence of any requirement that she push a cart or lift heavy objects; 5) access to a locked area where she could keep her personal belongings; and 6) a coordinator and "back-up" coordinator to address accommodation concerns. The Board,

4

however, denied Fink's request that she be assigned to a "fixed" classroom.

Based on the Board's refusal to grant all her requested accommodations, Fink did not return to work in October 2007. The Board thereafter informed Fink that she would be "charged" sick and personal leave for her absences until those leave sources were exhausted, and that she would be placed on leave without pay for any additional absences.

In July 2008, Fink requested and received a transfer within the Charles County school system to the Robert D. Stethem Educational Center, where she was assigned a "fixed" classroom. Fink currently teaches art at this facility.

In her complaint filed in the district court, Fink contended that the Board failed to reasonably accommodate her disability and retaliated against her by refusing to assign her to teaching positions that became vacant at McDonough High School and at Thomas Stone High School. Fink alleged that the Board assigned her to a less-suitable teaching position, which required her to teach substitute classes, Spanish classes, and "in-school retention,"[1] and did not permit her to have a "fixed" classroom. Fink also alleged that the Board retaliated against

---

[1] An "in-school retention" teaching assignment involved the supervision of students who were suspended from attending class.

5

her by withholding payment to her in December 2006 and January 2007 and by placing her on administrative leave without pay in October 2007.

## II.

The district court concluded that Fink is disabled, within the meaning of the ADA and the Rehabilitation Act, because her physical impairment substantially limits her ability to eat. As noted by the district court, Fink has no esophagus and her stomach is "quite small." The district court observed that, therefore, Fink needs to eat frequent small meals, and her condition often results in "excessive diarrhea, nausea, and vomiting."

The district court held, however, that Fink's physical impairment does not substantially limit her ability to walk, because her condition "only affects her ability to walk quickly or for long distances." The district court further observed that, at the time Fink filed her claim, the acts of "bending and lifting" were not "major life activities," within the meaning of the ADA. The district court explained that although the ADA Amendments Act of 2008, Pub. L. No. 110-325, 122 Stat. 3553, added "bending and lifting" to the list of "major life activities," those amendments did not have retroactive effect and, therefore, did not apply to Fink's case.

6

After concluding that Fink was disabled because of eating limitations resulting from the surgical relocation of her stomach, the district court held that the Board reasonably accommodated Fink's disability. The district court explained that the Board is "only required to offer a *reasonable* accommodation, not the perfect or [Fink's] preferred accommodation." Accordingly, the district court held that Fink's placement as a full-time art teacher in a high school "satisfied [the Board's] duty to reasonably accommodate [Fink] regardless of her desire for a different placement."

The district court also addressed the Board's action assigning Fink to non-teaching duties in the spring of 2007. The district court concluded this objection lodged by Fink amounted to a mere job complaint, rather than a failure to provide reasonable accommodations. The district court also rejected Fink's claim that the Board was required to grant Fink's request for a "fixed" classroom in order to accommodate her need to eat frequent meals and take regular bathroom breaks. The district court held that the Board reasonably accommodated Fink by permitting her to eat during class periods and by assigning her to teach in classrooms that were located close to bathrooms.

The district court also granted summary judgment to the defendants on Fink's retaliation claim, concluding that the

7

defendants presented non-discriminatory reasons for withholding payment to Fink for the period at issue. The district court stated that the defendants withheld payment to Fink from December 2006 through February 2007 based on a calculation error regarding Fink's sick leave, and that the defendants placed Fink on administrative leave without pay because Fink refused to return to work in October 2007. As explained by the district court, Fink failed to show that the defendants' reasons for withholding payment to her were pretextual.[2] The district court also held that Fink failed to show that the defendants' refusal to assign her to the teaching positions at Thomas Stone High School and McDonough High School constituted an adverse employment action. Fink timely appealed from the district court's judgment.[3]

---

[2] In addition, the district court held that the Eleventh Amendment does not bar Fink's claims, and that Title II of the ADA applies to this case. The Board challenges these rulings in its cross-appeal, stating that we should address the Board's arguments only if the Court reverses any aspect of the district court's judgment. In view of our decision affirming the award of summary judgment in favor of the defendants, we do not address those issues.

[3] Fink challenges the district court's grant of summary judgment as to her claims under Title II of the ADA. Fink does not appeal the district court's judgment on her claims under Title I of the ADA.

We review the district court's award of summary judgment de novo. Waller v. City of Danville, 556 F.3d 171, 174 (4th Cir. 2009). When an employee is "disabled," within the meaning of the ADA and the Rehabilitation Act, an employer must provide "reasonable accommodations" to the disabled employee unless the employer can demonstrate that the provision of such accommodations would impose an "undue hardship." EEOC v. Sara Lee Corp., 237 F.3d 349, 353 (4th Cir. 2001) (quoting 42 U.S.C. § 12112(b)(5)(A)); see Doe v. Univ. of Md. Medical Sys. Corp., 50 F.3d 1261, 1264 n.9 (4th Cir. 1995) (explaining that the same elements apply to the ADA and § 504 of the Rehabilitation Act). Importantly, however, the ADA and the Rehabilitation Act do not require that an employer provide a disabled employee with a perfect accommodation or an accommodation most preferable to the employee. See Gile v. United Airlines, Inc., 95 F.3d 492, 499 (7th Cir. 1996).

We have reviewed the record, the briefs, and arguments presented by the parties in this appeal. Based on the thorough reasons articulated by the district court, we hold that Fink failed to raise a genuine issue of material fact regarding the accommodations that the Board provided for her disability, and that those accommodations were reasonable and sufficient under

the controlling requirements of the ADA and the Rehabilitation Act. See Sara Lee Corp., 237 F.3d at 350.

We also agree with the district court's reasoning in awarding summary judgment to the defendants on Fink's retaliation claims. Fink failed to present evidence that the defendants gave a pretextual explanation for withholding payment to Fink for the brief period at issue. Fink also failed to present evidence that the defendants' refusal to consider her for two teaching vacancies constituted an adverse employment action. We therefore affirm the award of summary judgment to the defendants based on the reasoning provided by the district court. See Fink v. Richmond, No. 8:07-cv-00714-DCK (D. Md. Sept. 29, 2009).

AFFIRMED